FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 07 2012

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BRIAN RIVERA,

       Petitioner,

  -against-

H.D. GRAHAM, Superintendent Auburn
Correctional Facility,

       Respondent.
-------------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 3546 (BMC)

**COGAN**, District Judge.

  Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 to challenge his conviction for felony murder and illegal weapons possession. Two of his claims – insufficiency of the evidence by reason of New York's accomplice corroboration rule, and improper admission of unduly prejudicial photographs of the victim – are procedurally barred because he did not object at trial, and the Appellate Division expressly relied on that omission as to each point. His challenge to the admission of another photograph of him in his underwear at the time of his arrest fails under the deferential review standard of §2254(d), as does his complaint that one of his accomplices was permitted to testify regarding the accomplice's call to his girlfriend during the commission of the crime. Finally, petitioner's excessive sentence claim is not cognizable on habeas review because his sentence was within the range of sentences permitted by state law. The petition is therefore denied.

# BACKGROUND

Petitioner proposed a plan whereby he and three accomplices – Michael Weed, Russell Cronin, and Robert Lathan – would rob a drug dealer named Jack Barretta. Since petitioner, Weed, and Cronin were known to Barretta – petitioner had done drug deals with Barretta previously – the plan called for Lathan, who Barretta did not know, to rob Barretta while petitioner and his two accomplices stood by and feigned surprise. The plan was for petitioner and the accomplices to get Barretta into Weed's car for a purported drug sale to Barretta, during which Lathan would approach and commit the robbery at gunpoint.

Petitioner arranged to meet Barretta for the drug sale in front of Barretta's house. Barretta and an associate, Thomas Herzberg, parked in front of the house and awaited petitioner in Herzberg's car. Petitioner, Weed, and Cronin pulled up in Weed's car and parked in front of Herzberg's car. Cronin was armed with a .357 revolver. Lathan then pulled up in a third car behind Herzberg's car. Barretta and Herzberg, upon seeing Lathan exit the car with a shotgun, became nervous and drove away. A high-speed chase ensued during which shots were fired from Weed's car; the evidence conflicted as to whether petitioner did the shooting with Cronin's gun or Cronin did it at petitioner's direction, but in any event, Herzberg was killed by a shot to the back of the head that came from Cronin's .357 revolver. Barretta survived and called the police. Petitioner and his three accomplices were arrested shortly thereafter.

At trial, Weed, Cronin, and Lathan all testified against petitioner pursuant to plea agreements. Barretta, who was in custody on unrelated charges, testified against petitioner as well. Their testimony was detailed and consistent except on a few immaterial points. The jury returned a verdict of guilty on both counts in the indictment: second-degree murder (N.Y. Pen. L. § 125.25 (3)) and second-degree criminal possession of a weapon (N.Y. Pen. L. § 265.03). The

trial court sentenced petitioner to 25 years to life on the murder conviction and 15 years determinate on the weapons possession, both sentences to run concurrently.

On appeal, petitioner raised four points of error: (1) the evidence was insufficient for his conviction as a result of New York's accomplice corroboration rule, which requires evidence beyond accomplice testimony for a conviction; (2) the trial court improperly admitted unduly prejudicial photographs of Herzberg post-mortem and another of petitioner in his underwear at the time of his arrest; (3) Lathan was improperly allowed to testify to a cellphone conversation he had with his girlfriend when he was on the way to Barretta's house to commit the robbery; and (4) petitioner's sentence was excessive. The Appellate Division affirmed the conviction on the grounds described below, and the New York Court of Appeals denied leave to appeal. People v. Rivera, 74 A.D.3d 993, 904 N.Y.S.2d 449 (2d Dep't), leave to app. den., 15 N.Y.3d 895, 912 N.Y.S.2d 583 (2010) (table). Petitioner has reasserted the points he raised in the Appellate Division in his habeas corpus petition.

## DISCUSSION

### I. Sufficiency of the Evidence

Petitioner asserted on appeal that the evidence was insufficient to convict him because, under New York law, the testimony of an accomplice or accomplices must be corroborated by additional evidence to constitute sufficient evidence for a conviction. See N.Y. C.P.L. § 60.22(1). The Appellate Division held that:

> The defendant's contention that the evidence was legally insufficient to support his conviction of murder in the second degree (felony murder) and criminal possession of a weapon in the second degree is unpreserved for appellate review, as the defendant merely made a general motion for a trial order of dismissal based upon the People's alleged failure to establish a prima facie case both after the People rested and after the close of the evidence. The defendant did not assert any

> specific grounds in his motions, including whether there was insufficient evidence
> to corroborate the accomplice testimony in accordance with CPL 60.22(1).

Rivera, 74 A.D.3d at 993, 904 N.Y.S.2d at 450. The Court went on to hold that "[i]n any event," there was sufficient corroboration of the accomplices' testimony to satisfy the New York accomplice corroboration rule. 74 A.D.3d at 993-94, 904 N.Y.S.2d at 450-51.

The procedural default arose from the fact that petitioner's trial counsel, in moving to dismiss the case as a matter of law, did not say anything about a lack of corroborative evidence for the accomplices' testimony. At the close of the prosecution's case, trial counsel simply stated that "relying on the record, we would move to dismiss The People's case for failure to make out a prima facie evidentiary case." After petitioner closed his case without submitting additional evidence a few minutes later, counsel stated, "we would so move that no reasonable jury upon hearing the evidence could find Mr. Rivera guilty, thus, we would ask for a directed verdict in this matter." The trial court was thus never given the opportunity to rule on whether New York's accomplice corroboration rule had been satisfied.

A federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "'a state law ground that is independent of the federal question raised and adequate to support the judgment.'" See Lee v. Kemna, 534 U.S. 362, 375, 122 S. Ct. 877 (2002) (quoting Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546 (1991)). When a state court dismisses a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729-30; Murden v. Artuz, 497 F.3d 178 (2d Cir. 2007). State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state. Lee, 534 U.S. at 376. If a

4

state court rejects a specific claim on an adequate and independent state law ground, then a federal court should not review the merits of the claim even if the state court addressed the merits of the claim in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n. 10, 109 S. Ct.1038, 1044 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).[1]

It is well-established under New York law that a motion to dismiss preserves only those grounds referred to in the motion, not other grounds that could have been but were not articulated. See People v. Gray, 86 N.Y.2d 10, 629 N.Y.S.2d 173 (1995). To properly preserve a legal sufficiency challenge for appellate review, "a defendant must move for a trial order of dismissal, and the argument must be 'specifically directed' at the error being urged." People v. Hawkins, 11 N.Y.3d 484, 492, 872 N.Y.S.2d 395, 399 (2008). General motions to dismiss do not preserve unstated arguments. See, e.g., id.; Gray, 86 N.Y.2d at 20, 629 N.Y. S.2d at 176 ("The chief purpose of demanding notice through objection or motion in a trial court, as with any specific objection, is to bring the claim to the trial court's attention. A general motion fails at this task. As a practical matter, a general motion to dismiss is often no more helpful to the Trial Judge than would be a motion predicated on an erroneous ground." (citations omitted)).

---

[1] I reject respondent's contention that this claim is unexhausted because in his motion for leave to appeal to the Court of Appeals, petitioner merely made a general statement adopting his arguments in the Appellate Division. Respondent himself appears to recognize that this is sufficient to satisfy the exhaustion requirement under Second Circuit law, see Morgan v. Bennett, 204 F.3d 360, 370-71 (2d Cir. 2000), and I therefore assume that respondent only raised this point to preserve it for appeal.

Petitioner's general motions gave no clue that he was seeking to invoke New York's accomplice corroboration rule. The Appellate Division's express reliance on his failure to do so is an adequate and independent state law ground for the decision that ordinarily precludes federal habeas corpus review.

Of course, a federal court on habeas review will not apply a state procedural bar if a petitioner can "show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claims will result in a 'fundamental miscarriage of justice,'" i.e., a showing of "actual innocence." Harris, 489 U.S. at 262, 109 S.Ct. at 1043 (citations omitted). However, petitioner has not even attempted such a showing here, and I can find no basis for it on the record. This claim is therefore not subject to review.

## II. Evidentiary Issues

### A. Photographs

Petitioner contended on appeal that the admission of two photographs of the victim was sufficiently prejudicial to violate his due process rights. The Appellate Division rejected this claim as "unpreserved for appellate review" and, "[i]n any event," without merit. Rivera, 74 A.D.3d at 451, 904 N.Y.S.2d at 994. The trial record discloses that, in fact, no objection was made to the introduction of these photographs into evidence.

It is well settled that New York's contemporaneous objection rule, codified at N.Y. C.P.L. §470.05, is an independent and adequate state law ground that ordinarily precludes federal habeas corpus review. See, e.g., Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011). Petitioner has again offered no showing of cause and prejudice or actual innocence to overcome this procedural

bar. His claim concerning the photographs of the victim is therefore not subject to federal habeas corpus review.

Petitioner also challenged on appeal the introduction of a photograph showing him in his underwear at the time of his arrest as unduly prejudicial. This photograph was subject to an objection at trial. The Appellate Division held that his claim was "without merit."

Because the Appellate Division affirmed the trial court's ruling on the merits, its decision is entitled to deferential review under 28 U.S.C. § 2254(d). This statute provides that federal habeas corpus relief is only available if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Supreme Court has recently clarified that this standard of review is extremely narrow, intended only as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, ——U.S. ——, 131 S. Ct. 770, 786 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n. 5, 99 S. Ct. 2781 (1979) (Stevens, J., concurring)).

State court decisions must "be given the benefit of the doubt," Felkner v. Jackson, —— U.S. ——, 131 S. Ct. 1305, 1307 (2011) (internal quotation marks and citation omitted), and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington, 131 S. Ct. at 786. Indeed, in Harrington, the Supreme Court went so far as to hold that a habeas court may only "issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Id. This standard of "no possibility of disagreement" among "fairminded

7

jurists" as to the existence of legal error is arguably the narrowest standard of judicial review in the law.[2]

This narrow framework presents a doubly difficult burden for petitioner because the standard for habeas corpus relief based on a state court's alleged evidentiary error is already narrow. It is well-settled that "[e]rroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus." Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983); accord Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475 (1991) ("[H]abeas corpus relief does not lie for errors of state law." (internal quotation marks and citation omitted)). For a habeas petitioner to prevail in connection with a claim regarding an evidentiary error, a petitioner must "show that the error deprived [him] of a fundamentally fair trial." Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir. 2004) (per curiam) (quoting Rosario v. Kuhlman, 839 F.2d 918, 925 (2d Cir. 1988)); Taylor, 708 F.2d at 891.

Applying this standard, it is clear that the Appellate Division's rejection of petitioner's claim was not contrary to or an unreasonable application of any Supreme Court precedent. The trial court seems to have recognized that while the photograph had little probative value, it had equal or less prejudicial impact. It was relevant, at least, for the prosecution to show that petitioner's statements made at the time of his arrest to the effect that he had been beaten by a third party were false, as there was no bruising apparent, and it tended to refute petitioner's argument that he was physically incapable of shooting the large revolver that had killed

---

[2] Harrington and Cavazos v. Smith, —— U.S. ——, 132 S. Ct. 2 (2011), may have abrogated the oft-quoted language in Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000), that while "some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." The Harrington/Cavazos standard may not quite require "judicial incompetence," but by precluding relief except where the error is "beyond any possibility for fairminded disagreement," it certainly comes close. The Second Circuit has already noted that these Supreme Court decisions have narrowed the standard of habeas review that the Circuit previously applied. See Rivera v. Cuomo, 664 F.3d 20 (2d Cir.) (granting motion to vacate its earlier decision granting habeas relief upon consideration of Cavazos), vacating, 649 F.3d 132 (2d Cir. 2011).

8

Herzberg. Certainly, especially considering the extensive evidence against petitioner, there is no basis for concluding that admission of the photograph rendered his trial fundamentally unfair. The Appellate Division's decision on this point therefore does not warrant habeas corpus relief.

### B. Accomplice's Hearsay Statement

Prior to Lathan's testimony for the prosecution, petitioner moved *in limine* to preclude him from testifying about a cellphone conversation he had with his girlfriend while driving to Barretta's house to commit the robbery on the ground that the statement was hearsay and "bolstering," i.e., supporting the witness' testimony with a prior consistent statement. The trial court overruled the objection, finding that the statement described ongoing events connected to the crime and thus constituted part of the *res gestae* of the crime, and that it was admissible under the present sense impression exception to the hearsay rule. As part of Lathan's extensive testimony, when asked whether he had a conversation with his girlfriend, Lathan stated that "I told her I was out going to help Brian Rivera, Russell Cronin, Mike Weed to go rob this kid Jack, and that I would call her when I got back to my house."

The Appellate Division affirmed the trial court's ruling on the merits, finding that the statement was properly admitted as a present sense impression. This ruling on the merits requires application of the doubly deferential review standard for evidentiary rulings under 28 U.S.C. § 2254(d) described above.

In undertaking the analysis, it should first be noted that although New York law prohibits bolstering, "it is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to deprive a defendant of his due process rights to a fair trial." Nieves v. Fischer. No. 03-CV-9803, 2004 WL 2997860, at * 7 (S.D.N.Y. Dec. 28, 2004) (citations omitted); see also Ochoa v. Breslin, 798 F. Supp. 2d 495, 505-06 (S.D.N.Y. 2011). Courts in this circuit have

consistently held that "the concept of 'bolstering' really has no place as an issue in criminal jurisprudence based in the United States Constitution," Nieves, 2004 WL 2997860, at * 7, and presents only a state law evidentiary issue. See, e.g., Glover v. Burge, 652 F. Supp. 2d 373, 377 (W.D.N.Y. 2009); Lebron v. Sanders, No. 02-CV-6327, 2008 WL 793590, at * 20 (S.D.N.Y. Mar. 25, 2008); Scott v. Walker, No. 01-CV-7717, 2003 WL 23100888, at * 8 (E.D.N.Y. Dec. 30, 2003); Smith v. Walsh, No. 00-CV-5672, 2003 WL 22670885, at * 6 (E.D.N.Y. Oct. 20, 2003); Diaz v. Greiner, 110 F. Supp. 2d 225, 234 (S.D.N.Y. 2000). Petitioner's attempt to raise bolstering as an issue thus fails on federal habeas corpus review.

Petitioner's hearsay objection does not fare much better. Under the authorities cited above, a state court is free to construe the common law exception to the hearsay rule of present sense impression as broadly as it wishes up to the limits of the due process clause. In the instant case, the Appellate Division's decision does not approach a due process violation. This was one answer to one question that was, at worst, cumulative of the very detailed rendition of the events to which Lathan, the two other accomplices, and the victim all testified. Any prejudice was mitigated by the fact that it was Lathan, the declarant, who was relating his own statement and he was of course cross-examined on his version of the events. Even assuming that its admission was erroneous as a matter of state law – a point on which fairminded jurists could disagree, as Lathan was describing exactly what he was doing as he was on his way to do it, see People v. Vasquez, 88 N.Y.2d 561, 574, 647 N.Y.S.2d 697 (1996) ("the key components of 'present sense impressions' are contemporaneity and corroboration") – it did not render petitioner's trial fundamentally unfair.

### III. Excessive Sentence

Petitioner's final point is that is that his sentence was excessive. This does not present a federal constitutional issue. The crime was felony murder. The Eighth Amendment permits a state to prescribe the death penalty for a major participant in a felony murder who acts with reckless indifference to human life. See Tison v. Arizona, 481 U.S. 137, 158, 107 S. Ct. 1676, 1688 (1987). In Florida, for example, the only permissible sentences for felony murder are death or life in prison without parole. See Fla. Stat. Ann. §§782.04(1)(a), 775.082. Petitioner's sentence of 25 years to life is therefore well within the range of sentences permitted by the Eighth Amendment. Furthermore, because petitioner was sentenced within the range of sentences provided by New York law, he presents no due process issue warranting habeas corpus relief. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

### CONCLUSION

The petition is denied and the case is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). In addition, petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
February 6, 2012